JENNIFER L. COUGHLIN OSB 065781
Hawn & Coughlin, LLP
974 NW Riverside Blvd.
Bend, OR 97703
Telephone: 541-382-5885
Facsimile: 541-382-3328
jlc@hawncoughlin.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **KAREN CARMICHAEL, as Personal Representative of the Estate of Gary R. Carmichael,** <br> **PLAINTIFF** <br><br> vs. <br><br> **United States of America, acting by and through the Department of Health and Human Services; Sylvia Mathews Burwell, Secretary of the Department of Health and Human Services; LaPine Community Health Center; Brian Koldyke, FNP; and Havilah Brodhead, FNP,** <br><br> **DEFENDANTS** | Case No. <br><br> COMPLAINT – Medical Negligence, Wrongful Death, UTPA <br><br> 42 U.S.C § 1331 and 28 U.S.C. § 1346(b) <br><br> DEMAND FOR JURY TRIAL |

## SUMMARY

Gary Carmichael underwent a heart valve replacement and pacemaker procedure at St. Charles Medical Center in the summer of 2015. Both surgeries went well and Mr. Carmichael was placed on the blood thinner Coumadin. Mr. Carmichael's INR levels were to be monitored by LaPine Community Health Center. The practitioners at that facility neglected to monitor Mr.

COMPLAINT – Page 1

Carmichael's INR levels and prescribed ten times Mr. Carmichael's normal therapeutic dosage of Coumadin. Mr. Carmichael became severely over-anticoagulated and died of a pulmonary hemorrhage.

## JURISDICTION AND VENUE

1.

Plaintiffs' claims arise under 28 USC 2671, 28 USC 2674, and 42 U.S.C. 233 making federal court jurisdiction proper under 28 USC 1331 and 28 USC 1346(b). State law claims included herein arise from the same common nucleus of facts and therefore this Court may exercise supplemental jurisdiction over them under 28 USC 1367.

2.

Defendants are located in Deschutes County, Oregon and the events underlying this Complaint took place there, making venue proper in the District of Oregon, Eugene Division.

## PARTIES

3.

Karen Carmichael, wife of deceased Gary R. Carmichael, was appointed Personal Representative of the Estate of Gary R. Carmichael on October 15, 2015.

4.

Gary R. Carmichael died at St. Charles Medical Center ("St. Charles") in Bend, Oregon on October 2, 2015. He was 67 at the time of his death.

5.

Mr. Carmichael had been a maintenance manager for 25 years and had recently retired to Central Oregon. In his retirement he intended to volunteer, fish, hunt, boat, do woodworking, travel and follow the sports teams he enjoyed watching.

COMPLAINT – Page 2

Jennifer L. Coughlin
Hawn & Coughlin, LLP
974 NW Riverside Blvd, Bend, OR 97703
Telephone: 541-385-5885 Fax: 541-382-3328
Email: jlc@hawncoughlin.com

6.

Karen and Gary Carmichael were married 35 years and had no children.

7.

At all material times Karen and Gary Carmichael resided in Deschutes County, Oregon.

8.

At all material times Defendant Brian Koldyke was a Family Nurse Practitioner at La Pine Community Health Center (hereinafter "LPCHC") acting within the course and scope of his government employment therein. He is sued both in his official and individual capacities.

9.

At all material times Defendant Havilah Brodhead was a Family Nurse Practitioner at LPCHC acting within the course and scope of her government employment therein. She is sued both in her official and individual capacities.

10.

The Department of Health and Human Services is an agency of the United States of America.

11.

Defendant LPCHC receives federal funding and is a party to the Federally Supported Health Centers Assistance Act of 1992, Public Law No. 102-501, and the Federally Supported Health Centers Assistance Act of 1995, Public Law No. 104-73.

12.

A Form 95 was initially submitted to the Department of Health and Human Services on January 18, 2016.

/ / /

COMPLAINT – Page 3

13.

On March 1, 2016 the Department of Health and Human Services contacted attorney Jennifer Coughlin for a signature which was initially missing in the Form 95, Line 13a due to the electronic nature of the Form 95 submitted.

14.

On March 4, 2016, receipt of Karen Carmichael's (as Personal Representative of the Estate of Gary Carmichael) amended claim was acknowledged by the Department of Health and Human Services. The acknowledge letter states, "Your client's claim has been filed with the appropriate Federal Agency, the U.S. Department of Health and Human Services."

15.

The above described letter of March 4, 2016, requested a list of documentary evidence. A response was sent by Plaintiff's counsel to the Department of Health and Human Services on March 30, 2016. This response included five exhibits in response to the March 4, 2016, letter's requests.

16.

The statutory requirement of six months has now passed since the submission of Karen Carmichael's claim. The federal agency has failed to make a final disposition within those six months, and therefore the time is now ripe for this Complaint to be filed.

## FACTS

17.

Plaintiff realleges all paragraphs above.

/ / /

/ / /

COMPLAINT – Page 4

Hawn & Coughlin, LLP
974 NW Riverside Blvd, Bend, OR 97703
Telephone: 541-385-5885 Fax: 541-382-3328
Email: jlc@hawncoughlin.com

18.

On June 26, 2015, Gary Carmichael received a consultation by heart surgeon Dr. Blizzard at St. Charles for "critical aortic stenosis" wherein it was discussed he would require some level of anticoagulation for the remainder of his life.

19.

On July 16, 2015, Mr. Carmichael underwent an aortic valve replacement.

20.

On July 18, 2015, Mr. Carmichael's INR was 1.3.

21.

On July 22, 2015, chart notes indicated, "Yesterday his INR went to 4.0 with 2 doses of 2.5 [mg]. Therefore, will give 2.5 [mg] of Coumadin today."

22.

On July 23, 2015, Mr. Carmichael's INR was 2.3. Chart notes read, "INR at 2.3 is excellent. We will recheck the patient's INR again this afternoon and make a determination as to his Coumadin dose, as he went from 1.4 to 2.3 on just 1 mg."

23.

On July 24, 2015, a permanent pacemaker was placed in Mr. Carmichael to manage his atrial fibrillation and heart rate. Prior to this procedure Mr. Carmichael was given Vitamin K to allow for the surgical procedure to take place.

24.

On July 26, 2015, Mr. Carmichael had again been started on Coumadin following the pacemaker procedure. His INR was 2.6, and chart notes read, "Hold Coumadin today, the patient seems to be good on a good schedule of 0.5 mg every other day."

COMPLAINT – Page 5

25.

On July 27, 2015, Mr. Carmichael was discharged from St. Charles. His INR was therapeutic at the time of discharge. Therapeutic INR for Mr. Carmichael was intended to be between 2.0 to 3.5.

26.

The discharge medication list included "Coumadin 0.5 mg p.o. (orally) every other day." Defendant Brian Koldyke and LPCHC were carbon copied on this discharge note from the cardiovascular surgeon's office.

27.

The discharge prescription list from St. Charles Hospital included "Coumadin 1 mg tablets; 0.5 mg (1/2 tablet) orally every other day. 30 (thirty) tablets. Refills: 1"

28.

The discharge instructions included, ". . . follow up with Brian Koldyke, FNP in 1 week."

29.

Defendants Kolydke and LPCHC were to thereafter monitor Mr. Carmichael's anticoagulation using INR levels and adjust his anticoagulant medication, Coumadin.

30.

On July 29, 2015, as instructed, Mr. Carmichael established himself as a patient at the LPCHC anticoagulation clinic and had his blood drawn by Havilah Brodhead, FNP to determine his INR. Mr. Carmichael's INR on that day was 1.6.

31.

On July 29, 2015, Ms. Broadhead adjusted Mr. Carmichael's Coumadin dosage based on the INR. She instructed Mr. Carmichael to take ½ (one half) of a 10 mg Coumadin tablet daily.

COMPLAINT – Page 6

In other words, Ms. Brodhead increased Mr. Carmichael's Coumadin dose from 0.5 mg every other day to 5.0 mg every day.

32.

Despite this increase in dosage, the July 29, 2015, "Updated Medication List" lists Mr. Carmichael's Coumadin at "**1 mg** tablet." Yet the note also subsequently indicates under Anticoagulation Summary as of 7/29/15: "Full instructions: **5.0 mg** every day."

33.

It is unknown if Ms. Broadhead provided Mr. Carmichael with 10 mg Coumadin tablets at this time because there is no indication in the LPCHC chart note of dispensing medication at this INR check visit. However, because Mr. Carmichael only had 1.0 mg tablets upon discharge from St. Charles and hadn't been seen since or prescribed any additional tablets at this time, it is unknown how he otherwise would have been able to start taking half of a 10 mg tablet Coumadin per day. It is unknown if Ms. Broadhead simply neglected to place a decimal point in the chart note, and meant to instruct Mr. Carmichael to take ½ (one half) of a 1.0 mg tablet instead of as charted, ".5 of a 10 mg."

34.

On August 6, 2015, Mr. Carmichael had an appointment with Defendant Koldyke for anticoagulant therapy. The chart from that date states, "He [Gary Carmichael] will have his warfarin anticoagulation managed here at LPCHC." The chart goes on to state, "He has been started on warfarin S/P AVR surgery. He reports that he has been splitting a 10 mg tab in half and taking ½ BID (total daily dose 10 mg), but at first he told the MA that he was taking 5 mg per day forgetting that he was taking the other half in the PM. He is educated to take his total dose once every evening. He is not therapeutic goal of 2-3 on current dose regimen." However,

COMPLAINT – Page 7

Mr. Carmichael's INR had not been checked since July 29, 2015. Therefore, his INR on August 6, 2015 was unknown.

35.

Mr. Koldyke instructed Mr. Carmichael to increase that night's Coumadin (warfarin) from a dose of 10 mg to a dose of 15 mg.

36.

Later that same day, on August 6, 2015, Mr. Carmichael kept a pre-scheduled appointment with his cardiovascular surgeon's physician assistant from St. Charles Heart and Lung at LPCHC. The medications listed by the physician assistant at that visit included Coumadin 1.0 mg; take 1 tablet daily. Defendant Koldyke was carbon copied on this chart note and it was received on August 7, 2015.

37.

On August 11, 2015, Mr. Carmichael returned to his cardiothoracic surgeon's clinic at St. Charles for a post-operative check-up. The medications listed in that visit now included: "Coumadin 10 mg Oral Tablet (Warfarin); Take 1 tablet daily, 1.5 tab on Thursday, managed by La Pine Clinic."

38.

On August 12, 2015, Karen Carmichael filled a prescription at Bi-Mart Pharmacy in La Pine, Oregon for Warfarin (generic for Coumadin) 10 mg, 35 tablets. This prescription had been written by Defendant Koldyke.

39.

On August 17, 2015, Mr. Carmichael had another post-operative appointment at the cardiothoracic surgeon's clinic, at which he complained of a chronic cough and orthopnea but no

COMPLAINT – Page 8

hemoptysis. Again his medication list from that visit included, "Coumadin 10 mg Oral Tablet (Warfarin Sodium); Take 1 tablet daily, 1.5 tab on Thursday, managed by La Pine Clinic." This chart note was carbon copied to Defendant Koldyke.

40.

On August 19, 2015, Mr. Carmichael again reported to LPCHC for INR testing. He also complained of a cough and hemoptysis (coughing up blood). His INR was unable to be read at the LPCHC and was sent to St. Charles. His hemoptysis was suspected as due to over-anticoagulation and he was sent to St. Charles, where blood cultures were drawn and his INR level was determined to be greater than 9.

41.

Mr. Carmichael was immediately admitted to St. Charles where it was discovered that Mr. Carmichael had been taking 10 mg tablets of Coumadin instead of 1.0 mg tablets of Coumadin. Because Mr. Carmichael was color blind, he had not been able to tell the difference between the pink tablets (1 mg) that he had been prescribed from St. Charles post-operatively and the white tablets (10 mg) that Defendant Koldyke had prescribed.

42.

Defendant Koldyke, upon assumption and belief, simply asked Mr. Carmichael what color his pills had been from St. Charles rather than reading the discharge summary that was provided to him via carbon copy from the cardiothoracic surgeon upon Mr. Carmichael's discharge, nor did he review the August 6, 2015, cardiothoracic surgeon's note which he received a copy of on August 7, 2015. Rather, he began managing Mr. Carmichael's anti-coagulation therapy based upon Mr. Carmichael's failure to detect the color of his pills.

COMPLAINT – Page 9

Jennifer L. Coughlin
Hawn & Coughlin, LLP
974 NW Riverside Blvd, Bend, OR 97703
Telephone: 541-385-5885 Fax: 541-382-3328
Email: jlc@hawncoughlin.com

Therefore, Defendant Koldyke mistakenly prescribed 10 mg tablets of Coumadin instead of 1.0 mg tablets of Coumadin.

43.

Mr. Carmichael was severely over-anticoagulated by the time he reached St. Charles on August 18, 2015 due to being prescribed more than 10 times the dose of Coumadin his cardiothoracic surgeon had initially identified as a dose to keep him therapeutic.

44.

Mr. Carmichael died on October 2, 2015, after spending 44 days in the Intensive Care Unit of St. Charles.

45.

Mr. Carmichael's autopsy revealed that his respiratory system suffered diffuse alveolar hemorrhage, with marked, extensive intra-alveolar hemorrhage involving approximately 90% of the tissue examined. In other words, Mr. Carmichael's lungs filled with blood and he perished despite over a month of life saving efforts.

## FIRST CAUSE OF ACTION

### Wrongful Death and Negligence

46.

Plaintiff realleges all paragraphs above.

47.

Defendant LaPine Community Health Center was negligent in the following, including but not limited to:

COMPLAINT – Page 10

Jennifer L. Coughlin
Hawn & Coughlin, LLP
974 NW Riverside Blvd, Bend, OR 97703
Telephone: 541-385-5885 Fax: 541-382-3328
Email: jlc@hawncoughlin.com

a. Failing to accurately acquire and record Mr. Carmichael's discharge medications and dosages from St. Charles at the initial visit to LPCHC;

b. Recording an incorrect dosage for Coumadin into the medical record;

c. Failing to recognize that an incorrect Coumadin dosage had been recorded;

d. Transmitting the incorrect Coumadin dosage from the anti-coagulation clinic to the primary care provider;

e. Failing to have systems, policies, and procedures to accurately receive, input, and record medical records including discharge medications from outside medical providers or entities such as St. Charles;

f. Failing to have systems, policies, and procedures in place to reconcile medications and dosages in the medical record between the anticoagulation clinic and primary care provider;

g. Failing to record medications dispensed at a clinic visit in the medical record;

h. Failing to reconcile medications prescribed with those actually being taken by the patient;

i. Failing to reconcile medications prescribed with those transmitted to the dispensing pharmacy;

j. Failing to recognize, record, and/or acknowledge the presence of Mr. Carmichael's color blindness during the initial history and physical examination;

k. Failing recognize that Mr. Carmichael's color blindness impaired his ability to detect a change in the color of the dispensed Coumadin tablets;

COMPLAINT – Page 11

Jennifer L. Coughlin
Hawn & Coughlin, LLP
974 NW Riverside Blvd, Bend, OR 97703
Telephone: 541-385-5885 Fax: 541-382-3328
Email: jlc@hawncoughlin.com

l.  Failing to provide timely, accurate medical records to the physicians and other medical providers at St. Charles with regard to the management of Mr. Carmichael's anticoagulation;

m. Failing to adequately monitor the status and degree of Mr. Carmichael's anticoagulation;

n.  Failing to have systems, policies, and procedures in place to monitor patients with specific indications for anticoagulation such as prosthetic heart valves; and

o.  Failing to have systems, policies, and procedures in place to anticipate, detect, prevent, and treat cases of over-anticoagulation.

48.

Defendant Brodhead was negligent in the following, including but not limited to:

a.  Failing at the time of the first intake visit to the LPCHC anticoagulation clinic to accurately obtain Mr. Carmichael's correct, current Coumadin dosage either by history and/or the discharge summary documents from St. Charles;

b.  Recording an incorrect Coumadin dosage in the LPCHC medical record by misplacing a decimal point resulting in a tenfold error in the dose;

c.  Recording an incorrect Coumadin dose frequency in the LPCHC medical record;

d.  In not being aware of or recognizing Mr. Carmichael's sensitivity to Coumadin requiring a lower than usual dose to achieve therapeutic anticoagulation;

e.  Increasing Mr. Carmichael's Coumadin dose excessively due to the initial recording error alone or in combination with the unawareness of Mr. Carmichael's Coumadin sensitivity;

COMPLAINT – Page 12

Jennifer L. Coughlin
Hawn & Coughlin, LLP
974 NW Riverside Blvd, Bend, OR 97703
Telephone: 541-385-5885 Fax: 541-382-3328
Email: jlc@hawncoughlin.com

   f. Dispensing to Mr. Carmichael Coumadin tablets that were 10 times the dose being used at the time of intake;

   g. Failing to document in the medical record dispensing Coumadin to Mr. Carmichael;

   h. Failing to recognize by history and/or physical examination at the initial intake visit that Mr. Carmichael was colorblind which impaired his ability to detect the change in color of his Coumadin tablets;

   i. Transmitting the incorrect Coumadin dosage to the LPCHC primary care provider responsible for Mr. Carmichael's care; and

   j. In failing to adequately monitor Mr. Carmichael's anticoagulation status (INR) with sufficient frequency in order to anticipate, detect, prevent and if necessary treat over-anticoagulation.

49.

Defendant Koldyke was negligent in the following, including but not limited to:

   a. Failing to review the St. Charles summary of July 27, 2015 wherein it was documented that Mr. Carmichael had been discharged on Coumadin 0.5 mg p.o. (orally) every other day resulting in therapeutic anticoagulation;

   b. Failing to review the August 6, 2015, chart note from Mr. Carmichael's heart surgeon's clinic indicating Mr. Carmichael was on 1.0 mg of Coumadin daily;

   c. Failing to recognize Mr. Carmichael's sensitivity to Coumadin;

   d. Erroneously prescribing Coumadin 10mg daily on August 6, 2015, or in the alternative, negligently prescribing 10 mg of Coumadin daily on August 6, 2015;

COMPLAINT – Page 13

Jennifer L. Coughlin
Hawn & Coughlin, LLP
974 NW Riverside Blvd, Bend, OR 97703
Telephone: 541-385-5885 Fax: 541-382-3328
Email: jlc@hawncoughlin.com

e. Failing to repeat and follow up Mr. Carmichael's anticoagulation levels within a reasonable time period after prescribing the increased dose of 10 mg of Coumadin daily;

f. Failing to recognize the discrepancy between the St. Charles discharge summary (0.5 mg of Coumadin every other day) and the dose Ms. Broadhead had prescribed (5.0 mg of Coumadin daily);

g. Failing to reconcile and investigate the discordant information reported by Mr. Carmichael with that recorded in the chart notes, both from the LPCHC anticoagulation clinic and from St. Charles;

h. Failing to recognize the necessity of, and implement frequent INR checks for patient safety when a Coumadin dosage is increased, particularly when increased abruptly and significantly, in this case ten fold;

i. Failing to recognize that the 10 mg Coumadin tablets Mr. Carmichael reported taking were undocumented as to their source, and unaccounted for; and

j. Failing to detect or recognize by history and/or physical examination Mr. Carmichael's color blindness which impaired his ability to detect a change in his Coumadin tablets' dosage or formulation.

50.

As a result of the above-described negligence, it was reasonably foreseeable that Mr. Carmichael would become over anti-coagulated and suffer the damages as described below.

/ / /

/ / /

/ / /

COMPLAINT – Page 14

51.

As a direct and foreseeable result of the above-described negligence, Mr. Carmichael's Estate suffered economic damages in the form of medical bills in an amount not to exceed $1,000,000, as determined reasonable by a jury.

52.

As a direct and foreseeable result of the above-described negligence and wrongful death, Mr. Carmichael's spouse Karen Carmichael suffered non-economic damages in the amount of $1,000,000, including but not limited to loss of consortium, support and companionship of her spouse.

53.

As a direct and foreseeable result of the above-described negligence, Mr. Carmichael suffered a great deal as he died from being over-anticoagulated. He spent 44 days in the Intensive Care Unit of St. Charles undergoing numerous medical treatments trying to reverse the over-anticoagulation and save his life. This pain, suffering and fear resulted in non-economic damages in an amount to be found reasonable by a jury not to exceed $5,000,000.

## SECOND CAUSE OF ACTION

### Uniform Trade Practices Act

54.

Plaintiff realleges all paragraphs above.

55.

LPCHC offered services primarily for personal, family or household purposes within the definition of ORS 646.605(6).

COMPLAINT – Page 15

Jennifer L. Coughlin
Hawn & Coughlin, LLP
974 NW Riverside Blvd, Bend, OR 97703
Telephone: 541-385-5885 Fax: 541-382-3328
Email: jlc@hawncoughlin.com

56.

LPCHC offered its services to the public in accordance with ORS 646.005(8).

57.

LPCHC, in the course of its business, represented that its services had characteristics, benefits and qualities that in fact LPCHC did not have, including but not limited to:

a. Proper methods of tracking and monitoring of patients' INR levels;

b. Accurate methods of monitoring patients' INR levels;

c. Timely services to monitor of patients' INR levels; and

d. Proper methods of tracking medications distributed and prescribed to patients.

58.

Such representations were false.

59.

Plaintiff is entitled to reasonable attorney fees and costs pursuant to ORS 646.638.

**WHEREFORE**, Plaintiff prays for relief from the Court as follows:

1. For economic damages in an amount to be found reasonable by a jury not to exceed $1,000,000;

2. For non-economic damages in an amount to be found reasonable by a jury not to exceed $6,000,000; and

3. On the UTPA claim, Plaintiff prays for attorney fees, costs and disbursements.

Dated this ____ day of December, 2016.

COMPLAINT – Page 16

Jennifer L. Coughlin
Hawn & Coughlin, LLP
974 NW Riverside Blvd, Bend, OR 97703
Telephone: 541-385-5885 Fax: 541-382-3328
Email: jlc@hawncoughlin.com

By: /s/ Jennifer Coughlin
_____
Jennifer L. Coughlin, OSB 065781
Hawn & Coughlin, LLP
Of Attorneys for Plaintiffs

COMPLAINT – Page 17

Jennifer L. Coughlin
Hawn & Coughlin, LLP
974 NW Riverside Blvd, Bend, OR 97703
Telephone: 541-385-5885 Fax: 541-382-3328
Email: jlc@hawncoughlin.com